UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NAYLA SIGUENCIA,

                                              Plaintiff,

              - against –

1040 GERARD OWNERS' CORP.; DAVID
SPIRA; FRIEDMAN MANAGEMENT CORP.;
SAUL FRIEDMAN; and/or any other related
entities ,

                                              Defendants.

Index No.

CLASS ACTION COMPLAINT

**Jury Trial Demanded**

        Plaintiff, Nayla Siguencia, by her attorneys, Leeds Brown Law, P.C., alleges upon

knowledge to herself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

        1.      This action is brought pursuant to the New York Labor Law ("hereinafter

"NYLL") Article 19 § 663, 12 New York Codes, Rules, and Regulations (hereinafter "NYCRR")

Part 141 and NYLL Article 6 § 190 *et seq.*, the Fair Labor Standards Act ("FLSA"), and 29

U.S.C. § 207, to recover unpaid overtime wages and other wages owed to Plaintiff by

Defendants 1040 GERARD OWNERS' CORP. ("Owners' Corp."), DAVID SPIRA ("Spira"),

FRIEDMAN MANAGEMENT CORP. ("Management Corp."), SAUL FRIEDMAN

("Freidman") and/or any other entities affiliated with or controlled by Owners' Corp. and/or

Spira (hereinafter collectively referred to as "Defendants").

        2.      Upon information and belief, beginning in approximately August 2011 and

continuing through the present, Defendants engaged in a policy and practice of requiring Plaintiff

and similarly situated individuals to regularly work in excess of 40 hours per week, without

providing proper overtime compensation as required by applicable state and federal law.

3.      Upon information and belief, under the direction of corporate officer and/or director Spira, Defendants instituted the practice of depriving Plaintiff and similarly situated individuals of overtime compensation at one and one-half times their regular rate for work performed in excess of 40 hours per week, as mandated by state and federal law.

4.      Plaintiff has initiated this action seeking for herself and all similarly situated employees ("putative class and collective members") employed by any or all Defendants (collectively, "Plaintiffs") all compensation, including overtime compensation, that they were deprived of, plus interest, liquidated damages, statutory penalties, attorneys' fees and costs.

## JURISDICTION

5.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law and the common law contract claims because all claims alleged herein arise out of the same transaction or occurrence or series of transactions or occurrences.

6.      Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000, both individually and in the aggregate.

7.      The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations, is three (3) years.

8.      The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

9.      Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

10.     Plaintiff Nayla Siguencia ("Plaintiff") is an individual who was employed by Defendants and performed work for Defendants including cleaning, maintenance, janitorial, and other tasks related to the upkeep of Defendants' buildings and facilities, including the residential building located at 1040 Gerard Ave, from approximately October or November 2015 through approximately May 2017.

11.     Upon information and belief, Owners' Corp. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1040 Gerard Ave., Bronx, NY 10452.

12.     Upon information and belief, Defendant Spira is an officer, director and/or shareholder of Owners' Corp., and has a principal place of business at 1040 Gerard Ave., Bronx, NY 10452 and participated in the day-to-day operations of Owners' Corp.

13.     Upon information and belief, Defendant Spira is the president and/or owner of Defendant Owners' Corp., and: (i) had the power to hire and fire employees for that entity; (ii) supervised and controlled employee work schedules or conditions of employment for Owners' Corp.; (iii) determined the rate and method of payment for Owners' Corp. employees; and, (iv) maintained employment records for Owners' Corp.

14.     Upon information and belief, Defendant Friedman Management Corp. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 14 Penn Plaza . Suite 2010 . New York, NY, 10122.

15.     Upon information and belief, Defendant Saul Friedman is an officer, director and/or shareholder of Friedman Management Corp., and has a principal place of business at 14 Penn Plaza . Suite 2010, New York, NY, 10122 and participated in the day-to-day operations of Friedman Management Corp.

16.     Upon information and belief, Defendants own and/or operate other residential buildings in the state of New York, and employ other workers who are similarly situated to Plaintiff.

17.     Defendants Owners' Corp., David Spira, Friedman Management Corp., Saul Friedman, and related entities jointly operated as a comprehensive business unit, and as such are joint employers of Plaintiff and, upon information and belief, putative class and collective members under the FLSA and New York Labor Law.

## CLASS AND COLLECTIVE ALLEGATIONS

18.     This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

19.     This action is brought on behalf of Plaintiffs and a class consisting of similarly situated employees who worked for Defendants as superintendents and building maintenance workers.

20.     Plaintiffs and, upon information and belief, potential plaintiffs who may elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA by failing to provide overtime wages, at the rate of one and one-half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

21.     Plaintiffs and, upon information and belief, putative class members, are all victims of the Defendants' common policy and/or plan to violate the NYLL by 1) failing to provide overtime wages, at the rate of one and one-half times the regular rate of pay, for all time worked in excess of 40 hours in any given week; 2) failing to pay wages and making illegal deductions from their wages; and 3) failing to provide the mandatory Wage Theft Notice.

22.     The questions of law and fact common to the putative class and collective predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, (1) whether Defendants employed Plaintiff and similarly situated individuals within the meaning of the FLSA and NYLL; (2) whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and similarly situated employees; (3) whether Defendants failed to pay Plaintiff and other similarly situated employees all earned wages; (4) whether the Defendants failed to pay overtime wages, at the rate of one and one half times regular rate of pay, for all hours worked in excess of 40 hours in any given week in violation of federal and state law; (5) whether Defendants failed to pay wages and/or made illegal deductions in violation of the New York Labor Law; and (6) whether Defendants failed to provide the mandatory Wage Theft Notice in violation of the New York Labor Law.

## **FACTS**

23.     Defendants employed Plaintiff as a super to perform services and other job functions related to Defendants' building services operation from approximately October 2015 through May 2017 at Defendants' 1040 Gerard location in the Bronx.

24.     During this time, Defendants paid Plaintiff a flat semi-monthly wage of approximately $450-500.

25.     Plaintiff regularly worked in excess of forty (40) hours per workweek and did not receive overtime compensation for all hours worked in excess of forty.

26.     Plaintiff typically worked approximately 70-80 hours over the course of a typical work week during her employment with Defendants.

27.    Defendants regularly failed to compensate Plaintiff at her proper overtime rate for all hours worked above 40 hours in a given week, despite typically requiring her to work approximately 30-40 overtime hours per week.

28.    Defendants failed to provide Plaintiff with paystubs that accurately reflected the total amount of hours worked or provide any breakdown regarding the hours worked and pay received.

29.    Defendants did not provide payroll receipts that accurately reflect the total amount of hours worked and corresponding wages earned for Named Plaintiff and, upon information and belief, putative class members.

30.    Defendants employed Plaintiff and have had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

31.    Defendants failed to provide Plaintiff with the mandatory New York Labor Law Wage Theft Notice at the start of her employment or at any time thereafter.

32.    Upon information and belief, Defendants employed putative class and collective members as supers to perform services and other job functions related to Defendants' building services operation from August 2011 through the present.

33.    Upon information and belief, putative class and collective members regularly worked in excess of forty (40) hours per week.

34.    Upon information and belief, putative class and collective members did not receive overtime compensation for all hours worked in excess of forty per week.

35.    Upon information and belief, Defendants provided putative class and collective members with paystubs that did not accurately reflect the total amount of hours worked or provide any breakdown regarding the hours worked and pay received.

36.     Upon information and belief, Defendants failed to pay putative class and collective members all of their overtime wages, at the rate of one and one-half times their regular rate of pay, for the time in which they worked after the first forty hours in any given week.

37.     Upon information and belief, Defendants failed to provide putative class and collective members with the mandatory New York Labor Law Wage Theft Notice at the start of their employment, annually, or upon a change in pay rate.

38.     Upon information and belief, Defendants employed putative class and collective members and have had substantial control over their working conditions and over the unlawful policies and practices alleged herein.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS:**
**NEW YORK OVERTIME WAGE COMPENSATION**
*On Behalf of Plaintiff and Putative New York Class Members*

39.     Defendants are employers, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

40.     Defendant Spira is an employer as defined by the Labor Law, its implementing regulations, and case law interpreting the same.

41.     Defendant Spira had the authority to (1) hire and fire employees including Plaintiff for all corporate entities named herein as Defendants and related entities, (2) set the schedules for employees including Plaintiff for all corporate entities named herein as Defendants and related entities, (3) set the pay and method of payment for employees including Plaintiff for all corporate entities named herein as Defendants and related entities, and (4) maintain records of employees including Plaintiff for all corporate entities named herein as Defendants and related entities.

42.     Plaintiff and, upon information and belief, similarly situated employees (for NYLL claims, "putative class members"), are employees within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

43.     Plaintiff and, upon information and belief, putative class members, constitute "employees" as that term is defined under NYLL § 190 *et seq.*, the implementing regulations, and case law interpreting the same.

44.     12 NYCRR §141-1.4 requires that "an employer shall pay an employee, except a janitor in a residential building, for overtime at a wage rate of 1 ½ times the employee's regular rate for hours worked in excess of 40 hours in a workweek."

45.     NYLL Article 19 § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

46.     Plaintiff regularly worked in excess of 40 hours per week, typically working approximately 70-80 hours per week.

47.     Upon information and belief, putative class members regularly worked in excess of 40 hours per week.

48.     Plaintiff and, upon information and belief, putative class members, did not receive overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in any given week.

49.     Defendants did not provide payroll receipts that accurately reflect the total amount of hours worked and corresponding wages earned for Plaintiff and, upon information and belief, putative class members.

50.     Consequently, by failing to pay to Plaintiff and, upon information and belief, putative class members, all their overtime compensation, Defendants violated NYLL Article 19 § 663 and 12 NYCRR § 141-1.4.

51.     Upon information and belief, Defendants' failure to pay overtime compensation was willful.

52.     By the foregoing reasons, Defendants have violated NYLL Article 19 § 663 and 12 NYCRR § 141-1.4 and are liable to Plaintiff and putative class members in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS:**
**<u>FLSA OVERTIME WAGE COMPENSATION</u>**
***On Behalf of Plaintiff and Putative FLSA Collective Members***

53.     Defendants are employers within the meaning contemplated, pursuant to 29 U.S.C. § 203(d) and case law interpreting the same.

54.     Defendants are employers of Plaintiff and, upon information and belief, similarly situated employees (for FLSA claims, "putative collective members").

55.     Plaintiff and, upon information and belief, putative collective members, would regularly report to the same agents and/or supervisors of Defendants and receive instructions on which job site to work at and what tasks to perform.

56.     Upon information and belief, Defendant Spira was at all times the owner and/or manager of Defendant Owners' Corp. and all related entities, and: (1) had the power to hire and fire Plaintiff and, upon information and belief, putative collective members; (2) supervised and

controlled Plaintiff's and, upon information and belief, putative collective members' work schedules and work environment; (3) determined the rate and method of payment of Plaintiff and, upon information and belief, putative collective members; and (4) maintained employment records for the entity regarding Plaintiff and, upon information and belief, putative collective members.

57.     Plaintiff and, upon information and belief, putative collective members are employees within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

58.     Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty [40] hours unless such employee receives compensation for his employment in excess of the above specified rate at a rate not less than one and one-half times the regular rate at which he is employed."

59.     Plaintiff regularly worked approximately 70-80 hours per week.

60.     Upon information and belief, putative collective members worked in excess of 40 hours per week.

61.     Plaintiff and, upon information and belief, putative collective members, did not receive overtime compensation at the rate of one and one-half times their regular rate for all hours worked in excess of forty hours in any given week.

62.     Consequently by failing to pay Plaintiff and, upon information and belief, putative collective members, all of their overtime compensation, Defendants violated FLSA 29 U.S.C. § 207.

63.     Upon information and belief, the failure of Defendants to pay overtime

compensation was willful.

64.     Plaintiff and, upon information and belief, putative collective members are not exempt from overtime payment pursuant to the FLSA.

65.     By the foregoing reasons, Defendants are liable to Plaintiff and putative collective members in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK WAGE THEFT NOTICE
*On Behalf of Plaintiff and Putative Class Members*

66.     Pursuant to NYLL Article 6, Defendants are employers within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

67.     Plaintiff and, upon information and belief, putative class members, are employees within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

68.     NYLL § 195(1) requires an employer such as Defendants, at commencement of employment and upon a change in the employee's pay rate, to "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, … a notice containing… the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances."

69.     NYLL § 195(3) requires an employer such as Defendants to "furnish each employee with a statement with every payment of wages, listing the following: the dates of

work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked . . . ."

70.     12 NYCRR § 141-2.2 requires that "every employer covered by this part shall furnish to each employee a statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages. In the case of janitors, the number of units shall be recorded in the place of hours worked."

71.     Plaintiff and, upon information and belief, putative class members, did not receive the required wage notice at the start of employment and upon a change in pay rate or required weekly wage statements pursuant to NYLL § 195.

72.     Plaintiff and, upon information and belief, putative class members, did not receive either notice upon hiring or upon a change in pay rate pursuant to NYLL § 195.

73.     Plaintiff and, upon information and belief, putative class members did not receive proper statements pursuant to 12 NYCRR § 141-2.2.

74.     By the foregoing reasons, Defendants have violated NYLL § 195 and 12 NYCRR § 141-2.2 and are liable to Plaintiff and putative class members for the penalties set forth in NYLL § 198, post-judgment interest, attorneys' fees, and the costs and disbursements of this

action.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:
## <u>UNPAID WAGES</u>

### *On Behalf of Plaintiff and Putative Class Members*

75.     Pursuant to Article 6 of NYLL, workers such as Plaintiff are protected from wage underpayments and improper employment practices. Pursuant to NYLL § 190, the term "employee" means "any person employed for hire by and employer in any employment."

76.     As persons employed for hire by Defendants, Plaintiff and, upon information and belief, putative class members, are "employees" as understood in NYLL § 190.

77.     Pursuant to NYLL § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

78.     As the persons/entities that hired, directed, and controlled the job performance of Plaintiff and, upon information and belief, putative class members, Defendants are employers.

79.     Plaintiff's agreed upon wage rate was within the meaning of NYLL § 190, 191, and 652.

80.     Pursuant to NYLL § 191 and the cases interpreting same, workers such as Plaintiff and putative class members are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

81.     During Plaintiff's employment with Defendants, Defendants routinely failed to pay Plaintiff for all hours worked.

82.     Upon information and belief, Defendants routinely failed to pay putative class

members for all hours worked.

83.     In failing to pay Plaintiff and putative class members wages for time worked, Defendants violated NYLL § 191.

84.     Pursuant to NYLL § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiff and putative class members, that is not authorized by law or by the employee.

85.     By withholding wages from Plaintiff and, upon information and belief, putative class members, pursuant to NYLL § 193 and the cases interpreting the same, Defendants made unlawful deductions.

86.     By the foregoing reasons, pursuant to NYLL § 198, Defendants are liable to Plaintiff and putative class members in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs demands judgment:

(1)     on the first cause of action against Defendants in an amount to be determined at trial plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs;

(2)     on the second cause of action against Defendants in an amount to be determined at trial plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs;

(3)     on the third cause of action against Defendants in an amount to be determined at trial plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs;

(4)     on the fourth cause of action against Defendants in an amount to be determined at trial plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs;

(5)     such other and further relief as this Court may deem just and proper.

Dated: Carle Place, New York
        August 21, 2017

                                        LEEDS BROWN LAW, P.C.


                                        _____/s/_____
                                        Laura R. Reznick, Esq.
                                        One Old Country Road Suite 347
                                        Carle Place, NY 11514
                                        (516) 873-9550
                                        *Attorneys for Plaintiff & Putative Class/Collective*