# GOLDBERG AND WEINBERGER LLP
**Attorneys at Law**

**630 Third Avenue, 18th Floor**
**New York, New York 10017**

| | | |
|---|---|---|
| **Lewis Goldberg (N.Y., CT. & N.J.)** | _____ | **OTHER OFFICE:** |
| **Stuart Weinberger (N.Y. & N.J.)** | | **REDDING, CT.** |

**TEL: (212) 867-9595**
**FAX: (212) 949-1857**

April 30, 2018

Honorable Judge Ronnie Abrams
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Regarding:         Nayla Siguencia v. 1040 Gerard Owners Corp., et.al.

Civil Action No.;    17-06329 (RA)

Dear Judge Abrams:

      Our firm represents the defendants in this matter. Your Honor issued an order requiring the plaintiff and the defendants to submit a joint letter on the status of the mediation and whether settlement discussions were ongoing. (Docket Entry 9) The parties discussed the joint letter a couple of times today. I informed plaintiff's counsel that I had to leave the office at 6:15 P.M. to attend a meeting. The parties agreed around 6:00 P.M. that plaintiff would submit a letter to the Court asking for one more day to submit the joint letter.

      When I left the meeting tonight, I discovered that the plaintiff did not submit a letter for an extension. Rather, plaintiff submitted her letter to the Court on plaintiff's position on the status of the mediation. Since the plaintiff chose to submit her own letter, this letter states the defendants' position regarding the mediation and the status of settlement discussions.

      This Court directed the parties to mediate this case. The mediation was scheduled for February 6, 2018.

      All the defendants appeared at the mediation on the scheduled date, including the two individual defendants. The defendants even convinced a non-party, who had evidence regarding the claims, to go to the mediation. The defendants asked this non-party to be present with the hope that, having that non-party present, would promote a settlement or a withdrawal of the case.

      The plaintiff did not appear. Appearing for the plaintiff was only plaintiff's counsel.

Honorable Judge Ronnie Abrams
April 30, 2018
Page 2

      The plaintiff's failure to appear was in derogation of the Court's order that there be a mediation. Paragraph 9 of the Southern District of New York's Mediation Rules provide as follows:

> 9. Attendance at Mediation Sessions **Each party must attend mediation.** This requirement is critical to the effectiveness of the mediation process as it enables parties to articulate their positions and interests, to hear firsthand the positions and interests of the other parties, and to participate in discussions with the mediator both in joint session and individually. If a represented party is unable to attend a previously scheduled mediation because of a change in that party's availability, the party's attorney must notify the mediator immediately so that a decision can be made whether to go forward with the mediation session as scheduled or to reschedule it. Mediators are required to report to the Court if a party failed or refused to attend, or refused to participate in the mediation. [emphasis added].

      Besides violating this Court's order, the plaintiff nullified the whole purpose of the mediation. A mediator is present to meet with the parties to try to convince the parties to reach a compromise. Literally most mediators shuttle between the parties to try to accomplish a settlement. When one party does not appear, the process is compromised. There literally is no point for only one party to attend the mediation. As paragraph 9 of the above rule states, the attendance of a party "is critical to the effective process." *Id.*

      At the mediation on February 6, 2018, the plaintiff was reached by plaintiff's attorney by telephone. This accomplished absolutely nothing and defeated the whole process of mediation.

      For failing to appear, the plaintiff should be required to pay the defendants' costs and fees for their attending the mediation. There was no justification for forcing the defendants to appear, resulting in the defendants simply wasting money and time.

      Based upon plaintiff's conduct, the defendants do not know if having a real mediation, where all parties actually attend, will yield any results. The defendants believe that this case should be conferenced before this Court and/or the Magistrate Judge to discuss this case, to review the various claims, and to determine the future course of this case.

      A copy of this letter has been served upon the plaintiff's counsel by an ECF filing

      Respectfully submitted,
      /s/ Stuart Weinberger
      Stuart Weinberger

SW:1040.L43018