USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 4/18/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NAYLA SIGUENCIA,

                Plaintiff,

v.

1040 GERARD OWNERS' CORP., et al.,

                Defendants.

No. 17-CV-6329 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Nayla Siguencia brings this action against Defendants 1040 Gerard Owners' Corp., David Spira, Friedman Management Corp., and Saul Friedman for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").[1] Before the Court is the parties' application for approval of a settlement agreement.

    The Court, having reviewed the parties' proposed agreement and fairness letter, finds that the settlement is fair and reasonable. Under the terms of the proposed settlement agreement, Defendants agree to pay Plaintiff a total of $18,000 in exchange for the relinquishment of her wage and hour claims. After attorney's fees and costs are subtracted, Plaintiff will receive $12,000. This take-home award is 22.3% of the $53,809.47 Plaintiff demanded in advance of the parties' settlement conference. This amount is reasonable in light of the parties' differing accounts of the number of hours Plaintiff worked, the absence of contemporaneous time records, Defendants' counterclaims and defenses, and the risks of trial. *Cf. Beckert v. Ronirubinov*, No. 15-CV-1951

---

[1] Although Siguencia filed her complaint on behalf of herself and others similarly situated, a settlement has been reached only as to her individually.

(PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery).

The Court also approves the attorneys' fees and costs set forth in the fairness letter. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). Here, the fee is approximately one-third of the award, and when using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). According to the letter, Plaintiff will receive $12,000 and her attorneys will receive $6,000 ($5,600 in legal fees and $400 in costs). After costs are subtracted, the attorney's fee award is less than one-third (31.1%) of the net settlement amount. The amount of the fee is therefore reasonable as a fair percentage of the net award.

Plaintiff's release of claims is also fair and reasonable. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). The release provision at issue here is far more limited than those routinely rejected. The release is limited to claims "which were asserted by Plaintiff in this action," and it expressly does not affect claims that might arise after the execution of the agreement. Thus, the Court finds that the release in the proposed settlement agreement is fair and reasonable.

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   April 18, 2019
         New York, New York

                                        _____
                                        Ronnie Abrams
                                        United States District Judge